David A. SCHOLL, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 00–737C.

United States Court of Federal Claims.

Oct. 28, 2005.

Cletus P. Lyman, Lyman & Ash, Philadelphia, Pennsylvania, attorney of record for Plaintiff.

Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Department of Justice, Washington D.C., attorney of record for Defendant.

Sarah Leigh Martin, law clerk.

### *ORDER/OPINION*

BASKIR, Judge.

On October 21, 2005, the Defendant filed a Motion for a stay of all proceedings in this case in anticipation of its filing some days hence a Petition for a Writ of Mandamus with the U.S. Court of Appeals for the Federal Circuit. In the alternative, the Defendant requested an interim stay to allow the Federal Circuit to consider a potential stay motion with that court. On October 24, the Court issued an Order reminding the parties that they must still adhere to the November 1 deadline for various filings as required by our Order of October 5, 2005.

The Petition for Mandamus was filed in the Court of Appeals on October 26, 2005. A courtesy copy of the Petition arrived in our chambers on Thursday morning, October 27,

2005 (without a copy of the emergency motion for a stay, which the Defendant also filed with the Court of Appeals on October 26). Thus, the Court has had the Petition for barely 24 hours.

The Court is not prepared to rule on the Defendant's Motion for a stay at this time. The Defendant simply did not file its Motion for a stay with enough time to review the promised Petition, and for the Plaintiff to file a response, before the impending November 1 deadline. The Government's tardy filings are habitual in this case. For example, in this Court's Order of March 30, 2005, we denied the Defendant's Motion to certify the case for interlocutory appeal in part because it was grossly untimely, coming, as it did, more than two years after the first of the decisions it sought to appeal.

This Court's Order of April 23, 2003, made it clear that the Defendant must consolidate all of its remaining Rule 12(b) theories in one final motion, rather than continuing to file successive motions to dismiss. Even so, the Defendant now asserts separation of powers and Appointments Clause arguments in support of its attack on this Court's jurisdiction. The new arguments, suggested for the first time in an August 25, 2005, opposition to Plaintiff's Motion to Compel, come more than two years after the Court forbade piecemeal challenges.

While the Court is not prepared to rule on the Motion for a stay at this time, we have serious doubts about the merits of the Defendant's Petition. As the Defendant acknowledges in its Petition, mandamus is an extraordinary writ that is appropriate only when there is no other adequate means to obtain relief. *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402–03, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Not so in this case. The Court previously invited the Defendant to move for certification for interlocutory appeal of a discovery production ruling in the event such a ruling is made. *See* Order of October 5, 2005. This Court has not yet made a discovery production ruling that would require the Defendant to turn over unprotected any allegedly privileged documents to the Plaintiff.

The Petition argues that the mere delivery of the allegedly privileged documents to the Court for *in camera* review would cause irreparable harm to the Defendant. *In camera* review is not a public disclosure of documents. Quite the contrary, it is a "highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr,* 426 U.S. at 406, 96 S.Ct. 2119. Even the President is subject to have his allegedly privileged documents reviewed *in camera* by a court of law. *See United States v. Nixon,* 418 U.S. 683, 706, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) ("Absent a claim of need to protect military, diplomatic, or sensitive national security secrets, we find it difficult to accept the argument that even the very important interest in confidentiality of Presidential communications is significantly diminished by production of such material for *in camera* inspection with all the protection that a district court will be obliged to provide.").

Other arguments in Defendant's Petition are unconvincing. Defendant's claims of irreparable harm resulting from the Court's very exercise of jurisdiction in this case are especially curious, considering it waited almost five years of litigating the case before raising the separation of powers/Appointments Clause argument.

The Petition is misleading in its claims that certain documents requested during discovery fall under the deliberative-process privilege. While it is possible that the privilege could apply to certain documents, the Defendant has not claimed such a privilege to this Court. Both its brief in opposition to the Plaintiff's Motion to Compel and its privilege log are notably silent with respect to the deliberative-process privilege.

The Court would like to reiterate its ruling of October 5. In that Order, the Defendant was ordered to produce an amended privilege log containing the legally required information. In addition, the Defendant was ordered to produce all of the allegedly privileged documents listed in its privilege log for *in camera* review, and was directed to respond to Plaintiff's Interrogatory 1, which asked the Defendant to identify its expected witnesses at trial.

The Plaintiff was also ordered to show cause why Count 1 of his Complaint, alleging

procedural due process errors in the decision-making process, should not be dismissed for lack of subject matter jurisdiction. If Count 1 is dismissed, it is possible that some, and conceivably all, of the documents listed in the privilege log will cease to be relevant to Plaintiff's claim.

The Court has reluctantly decided to grant the Defendant an extension of time. Our refusal to grant at this time the more extensive relief the Defendant requests in its Motion for a stay should allow the Defendant to seek whatever relief it chooses before the Court of Appeals. *See* Fed. R.App. P. 8(a)(2)(A)(ii).

For the convenience of all interested persons, the Court's Orders of April 23, 2003; March 30, 2005; and October 5, 2005, will be attached to this Order.

**The Court hereby grants a 60–day extension of time for the parties to comply with the Court's October 5, 2005, Order. The required documents must be filed no later than January 2, 2006.**

IT IS SO ORDERED.